## THE MAYOR AND ALDERMEN OF THE CITY OF TUSKALOOSA V. LACY, et al.

1. Oyer can not be craved of any writing, which is not the foundation of the action.

2. When the condition of a bond is to perform the duties of treasurer, under a certain ordinance of a city corporation, and the ordinance is not set out, breaches of the condition can not be shown, without averments of the specific duties required by the ordinance.

3. A bond, conditioned that the principal obligor shall perform the duties of treasurer, under an ordinance of the city of Tuskaloosa, it being shown that the only duties imposed by this ordinance, are in relation to the issuing of change bills, in violation of the statute, is void, and no action can be maintained on it.

Writ of error to the County Court of Tuskaloosa county.

DEBT upon bond. The declaration, after setting out the bond, proceeds thus to state the condition, and to assign breaches thereon.

The condition of this bond is such, that whereas the above bound William M. Lacy, has been appointed Treasurer of the Mayor and Aldermen of the City of Tuskaloosa, under an ordinance passed by the said Mayor and Aldermen of the City of Tuskaloosa, on the 19th day of February, 1838, authorising the issuance of small bills by the said corporation. Now, if the above bound William M. Lacy, shall well, truly and faithfully discharge all the duties required of him as such Treasurer, under said ordinance, then this obligation to be void; otherwise

to remain in full force. Yet the said William M. Lacy hath not well, truly and faithfully discharged all the duties required of him as such Treasurer, under such ordinance; but hath hitherto wholly neglected and refused, and still neglects and refuses so to do. And the said plaintiffs, according to the statutes in such cases, &c. assign the following breaches of said condition, to wit: That after the making of the said writing obligatory, to wit, on the —— day of ——, a large sum of money, to wit, the sum of 3,000 dollars, of the said plaintiffs, came to the hands, and was received by the said William M. Lacy, as Treasurer as aforesaid, to wit, in the county aforesaid, to be accounted for and paid over to the said plaintiffs, when he, [Lacy] should be thereunto afterwards requested; and although the said William M. Lacy hath been often requested by the said plaintiffs to account for and pay over to them the said monies so received as aforesaid, to wit, on the day and year last aforesaid, yet he hath wholly neglected and refused so to do, and still refuses.

And whereas, also, afterwards, to wit, in, &c. at, &c. another large sum of money, to wit, —— dollars was received by the said William M. Lacy, as Treasurer as aforesaid, of the monies of the said plaintiffs, to be paid out and disbursed according to the order and direction of the said plaintiffs, yet the said William M. Lacy, regardless of his duty as Treasurer as aforesaid, although ordered by the said plaintiffs, to pay out certain sums of money to divers individuals, to wit, the sum of 3,000 dollars, has hitherto wholly neglected and refused so to do. Whereby, and for the breaches aforesaid, here assigned, an action hath accrued, &c.

The defendants appeared and craved oyer of the bond and condition, which is given them. They also craved oyer of the supposed ordinance named in the condition, and [as the record recites] it was read to them in the words and figures following, that is to say:

Whereas, it has appeared to the satisfaction of the Mayor and Aldermen of the City of Tuskaloosa, that small bills of a less denomination than one dollar, are essentially necessary for the public convenience. Therefore, for the sake of stopping the circulation of individual tickets, and supplying their place

with a better currency, and that the profits arising therefrom, should be applied to the benefit of the city:

1. *Be it therefore resolved,* That the Mayor be instructed to procure from Philadelphia the amount of ten thousand dollars, in notes of the denomination of 12 1-2, 25, 50 and 75 cents, of the following form:

, "THE CITY IS PLEDGED,

The Mayor and Aldermen of the City of Tuskaloosa, will pay the bearer —————— cents, on demand, in notes of the Bank of the State of Alabama,

Tuskaloosa, —————, 18—.

Treas.                                              Mayor."

2. *Be it further resolved,* That it shall be the duty of the Mayor and Aldermen, to appoint a suitable person for Treasurer, whose duty it shall be to countersign the notes after being signed by the Mayor; to keep a correct account of all the notes issued, and be ready at any time to report to this board when called on, the amount of notes issued, and redeemed, and all other information relative to the notes above described.

3. *And be it further resolved,* That the said Treasurer, before entering upon the discharge of his duty, shall enter into bond with this corporation, in the amount of twenty thousand dollars, with such security as shall be approved of by the board, for the faithful performance of his duty, and that the books of the said Treasurer, shall be at all times subject to the examination of the Mayor and Aldermen.

4. *Be it further resolved,* That the Treasurer shall deposit in the Bank of the State of Alabama, as Treasurer, all monies received by him for notes of the corporation put in circulation, so as to have at all times, as much money in Bank, on deposit, as there is corporation tickets in circulation. Passed 19th February, 1838.

After reciting the ordinance, as above stated, the defendants demurred to the plaintiffs declaration, and the plaintiffs joined in the demurrer, after objecting to the oyer had of the ordinance of the corporation.

The Court sustained the demurrer, and rendered judgment for the defendants.

The plaintiffs prosecute this writ of error, and here assign that the County Court erred,

1. In permitting the defendants to have oyer of the ordinance set out in the demurrer.

2. In sustaining the demurrer.

PORTER, for the plaintiffs in error, cited 1 Chitty's Plead. 416, 418, 330, upon the oyer, and Faikney v. Raymons, 4 Burr, 2069; Given v. Driggs, 1 Caines, 450, on the merits of the bond.

PECK, contra, cited Aikin's Digest, 110, § 52, 53, as settling the question as to the illegality of the corporation ordinance.— But if this question is not properly raised by the craving of oyer, then he insisted that the declaration was defective in substance, as no sufficient breaches are assigned.

GOLDTHWAITE, J.—The ordinance of the corporation was not the subject of oyer in this case, because the action is on the bond, and it is of that alone the defendants were authorised to crave oyer. 1 Chitty's Plead. 416, 418.

2. When, however, the ordinance is stricken from the demurrer, it remains as tendering an issue of law upon the validity of the declaration, and we think it very clear that no sufficient breach is assigned. The condition of the bond is, that inasmuch as the defendant, Lacy, had bean appointed Treasurer, under a certain ordinance, he was to discharge the duties required of him under the said ordinance. Now, it nowhere appears from any part of the declaration, what were the duties imposed by this ordinance, which was in effect, the law of the condition of the bond.

The plaintiffs might have declared on the penal part of the bond, and thus have forced the defendants to crave oyer of its condition, but then they would have been met with a general plea of performance, which in effect would have compelled the plaintiffs to have assigned breaches, not upon the bond, because that refers to the ordinance as a part of its condition, but directly upon the ordinance. Plumer v. Ross, 5 Taunt. 386; 1 Saund. 117, note 1; Stothert v. Goodfellow, 1 N. & M. 262.

3. We might here rest this case, as the conclusion already arrived at, is sufficient to sustain the judgment of the Court be-

low; but as the main question has been very fully considered, we think it best to declare our opinion on that likewise.

If the ordinance of the corporation be as it is set out in this record, no recovery can be had on any bond entered into under it. And this for the very sufficient reason, that the condition of the bond involves a direct violation of a public statute.

The act of 1830, provides, if any person or persons, partnership or association of individuals, shall sign, seal or make any promissory note, bill of exchange, either foreign or domestic, or order drawn upon any person or persons, bill single or penal, for a less sum than three dollars, and issue and put forth the same as a change bill, or to make it subserve the common purposes of money, he, she or they, so offending, shall be deemed guilty of a misdemeanor, and upon conviction thereof, upon presentment or indictment, shall be fined in a sum not less than fifty, nor more than two hundred dollars, at the discretion of the jury, by which such offender or offenders may be tried. Aikin's Digest, 110, § 52.

The second section of the same act, also makes it highly penal to pass off, circulate, or aid in the circulation of any such note or instrument in writing.

It is true, that when this Digest was compiled, a previous act passed in 1818, was permitted to remain in the statute book, and that this provided that all such notes or bills under one dollar, should be deemed and taken to bear interest at the rate of one hundred per cent. per annum. Ib. 236, § 4.

It is unnecessary now to determine, whether this act is or is not repealed by the subsequent statute, for if it is conceded to be in force, it will only operate, as an additional penalty upon those who actually emit such unlawful paper for circulation as money. Under no circumstances does it furnish any warrant to sustain a contract connected with the acts denounced, and intended to be punished by the act of 1830.

We deem it unnecessary to go into a minute examination of the duties imposed on the Treasurer by the ordinance of the corporation, because it is apparent on its face, that it provides for nothing but a violation of the then existing laws, and no bond or any other contract growing out of it, can be enforced.

The principle which must govern this case, has too often received the consideration of this Court, to require us now to

illustrate it by authority. Meggison v. Hill & Holden, 2 Stewart, 175. See, also, Amory v. Merryweather, 2 B. & C. 573. The judgment of the County Court is affirmed.